FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 FEB 11 AM 10: 45

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LAWRENCE LITTLE** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RDB-18-3983 |
| **MIGUEL CERVANTES DEL TORO**, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Lawrence Little ("Plaintiff" or "Little"), a former employee of the Baltimore City Board of School Commissioners ("BCBSC"), brings a *pro se* Complaint against three individual employees of BCBSC, Defendants Miguel Cervantes Del Toro ("Del Toro"), Donald E. Terry Jr. ("Terry"), and Jerome Jones ("Jones") (collectively, "Defendants"). (Compl., ECF No. 1; Supplement to Compl., ECF No. 4; Compl., Case No. 18-3984-ELH, ECF No. 1[1].) Plaintiff alleges violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112, *et seq.*; Health Insurance Portability and Accountability Act ("HIPAA") Privacy Rule, 45 C.F.R. §§ 160, 164; Sections 503 and 504 of the Rehabilitation

---

[1] This case was originally assigned to the Honorable Ellen L. Hollander. On January 3, 2019, Judge Hollander consolidated this case with the closely connected matters filed under Civil Action Nos. ELH-18-3984 and ELH-18-3985. (ECF No. 3.) Judge Hollander further ordered that the Complaints in Cases ELH-18-3984 and ELH-18-3985 be filed as supplements to the Complaint in this case. (*Id*). The Complaint from ELH-18-3985 was filed as a Supplement to the Complaint on January 3, 2019 (ECF No. 4), but the Complaint from ELH-18-3984 was never filed as a Supplement. This case was reassigned to the undersigned on February 5, 2019. Pursuant to Judge Hollander's Order, this Court will consider the Complaint from ELH-18-3984 as a Supplement to Plaintiff's Complaint in this case. (*See* ECF No. 3.)

Act, 29 U.S.C. § 794; Title 20 of the Annotated Code of Maryland; and Md. Code Ann., Crim. Law § 3-803 (Harassment). (*Id.*)

Now pending before this Court is Defendant's Motion to Dismiss Complaint. (ECF No. 15.) Also pending is Plaintiff's Motion for Default Judgment. (ECF No. 18.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Defendant's Motion to Dismiss Complaint (ECF No. 15) is GRANTED and Plaintiff's Motion for Default Judgment (ECF No. 18) is DENIED AS MOOT.

## BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff was an employee of BCBSC from April 13, 2015 until July 20, 2017. (Compl. at 3, ECF No. 1; Pl.'s Opp'n Exhibit, ECF No. 19-1[2].) Plaintiff asserts that due to his disability, which he describes as "substance abuse," Defendants violated his privacy rights, failed to accommodate him, and terminated his employment at BCBSC. (Compl. at 5-7, ECF No. 1.) Specifically, Plaintiff alleges that, on July 20, 2017, he "wrote a letter to [his] boss indicating that he wish[ed] to start back substance abuse classes." (*Id.* at 6.) That letter "reached the administration building at Baltimore City Public Schools and [Plaintiff] was terminated." (*Id.*) Plaintiff alleges

---

[2] Although Plaintiff did not attach to his Complaint this exhibit showing Plaintiff's dates of employment with BCBSC, the Court will consider it as integral to the Complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016) (a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity").

2

that his "right to privacy was violated along with the American Disability rights" and that he "was not using drugs." (*Id.*)

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 31, 2017. (Compl. at 6, ECF No. 1.) The EEOC issued him a right to sue letter on September 27, 2018, which Plaintiff received on October 9, 2018.[3] (*Id.*; Compl. Exhibit, ECF No. 1-1.) On December 27, 2018 Plaintiff filed this lawsuit. On January 3, 2019, the Honorable Ellen L. Hollander consolidated this case with the closely connected matters filed under Civil Action Nos. ELH-18-3984 and ELH-18-3985. (ECF No. 3.) On January 28, 2019, Judge Hollander closed this case, dismissing Plaintiff's Complaint without prejudice for failure to comply with the Court's Order to provide a United States Marshal service of process form and a separate summons for each named defendant, together with service copies of the Complaint. (ECF No. 5.) On February 4, 2019, Judge Hollander granted Plaintiff's Motion for Reconsideration and reopened this case. (ECF No. 7.) This case was reassigned to the undersigned on February 5, 2019. Defendant Del Toro filed a Motion to Dismiss Complaint on March 22, 2019. (ECF No. 15.) Defendants Terry and Jones were never served process. (ECF Nos. 11, 17.)

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se

---

[3] In Maryland, a deferral state, a claim of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). If the EEOC dismisses the charge, or if the plaintiff requests a right to sue notice, a plaintiff has ninety days from receiving his or her notice of dismissal and right to sue letter to file an action in court. 42 U.S.C. § 2000e-5(f)(1). The ADA adopts the administrative exhaustion requirements found in Title VII. *Magness v. Harford County*, No. ELH-16-2970, 2018 WL 1505792, at *9-10 (D. Md. Mar. 27, 2018).

litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause

of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

While ruling on a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## ANALYSIS

Even construing the *pro se* Complaint liberally, as is the Court's obligation, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff has failed to allege a plausible claim. The thrust of Plaintiff's claim is that he was terminated from his employment after writing a letter to his

boss, Defendant Del Toro, seeking permission to attend substance abuse classes. (Compl. at 6, ECF No. 1; Supplement at 6, ECF No. 4.)

Plaintiff fails to state a claim under HIPAA, Title 20 of the Annotated Code of Maryland, and under Maryland's criminal code for harassment. While Plaintiff contends that Defendants violated his privacy rights by sharing information about his substance abuse with "other staff," there is no private right of action for HIPAA violations. *See Garrett v. Baltimore City Community College*, Civil No. WDQ-05-3369, 2006 WL 8456648, at *5 (D. Md. May 30, 2006) (citing *Haranzo v. Dep't of Rehabilitative Servs.*, 2005 WL 3019240, slip. op. (W.D. Va. 2005); *Runkle v. Gonzales*, 391 F. Supp. 2d 210 (D.D.C. 2005)). Although the Complaint invokes Title 20 of Maryland's Annotated Code, it fails to specify which provisions Defendants allegedly violated nor is this Court able to discern, based on the facts alleged, which provisions were allegedly violated. Plaintiff's claim of "harassment" under Maryland's criminal code also fails because there is not a private civil cause of action for harassment in Maryland. *See McGagh v. Equifirst Corp.*, Civil Action No. 8:19-cv-01185-PX, 2020 WL 433864, at *4 (D. Md. Jan. 28, 2020) (citing *Baker v. Montgomery Cty.*, 201 Md. App. 642, 670 (Md. Ct. Spec. App. 2001) ("Although Maryland has criminalized harassment, Md. Code, Crim. Law § 3-803, no private civil cause of action exists for the same").

Plaintiff also fails to state a claim under the remaining federal statutes Plaintiff asserts—the ADA and the Rehabilitation Act—which are assessed under the same standards. *See Works v. Colvin*, 519 F. App'x 176, 184 (4th Cir. 2013) ("The analysis used to determine whether an employer has discriminated under the Rehabilitation Act is the same as the analysis under the Americans with Disabilities Act."). To establish wrongful discharge under the ADA, a plaintiff

6

must demonstrate that "(1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2011) (quoting *Haulbrook v. Michelin North America*, 252 F.3d 696, 702 (4th Cir. 2001)). The requirement is the same under the Rehabilitation Act as a plaintiff must show that (1) he was an individual with a disability within the meaning of the ADA; (2) the employer had notice of his disability; (3) he could perform the essential functions of the position with reasonable accommodation; and (4) the employer refused to make such accommodations. *See id.*

The United States Court of Appeals for the Fourth Circuit has "routinely used Title VII precedent in ADA cases." *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 176 (4th Cir. 2001). It is well-established that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Services, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Accordingly, to prevail under the federal statutes asserted, Plaintiff must demonstrate that he was an employee of the Defendants at the time of the alleged violation. *See Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017) ("Title VII's definition of 'employer,' which provides the basis for the statute's reach and for the unavailability of individual liability, is nearly identical to that of the ADA").

It is clear from the facts alleged that the Plaintiff is a former employee of BCBSC. (*See* Compl. at 3, ECF No. 1.) However, Plaintiff was never an employee of the individual Defendants Del Toro, Terry, or Jones. Even if Plaintiff sufficiently alleged that Defendants Del Toro, Terry, or Jones were his supervisors, "supervisors are not liable in their individual

7

capacities." *See Woodbury*, 286 F. Supp. 3d at 694 (finding defendant "not liable under Title VII or the ADA based on his role as [plaintiff's] supervisor"). Accordingly, Plaintiff has failed to state claims for relief under the ADA and the Rehabilitation Act.

Plaintiff also failed to serve process on Defendants Terry and Jones within ninety (90) days after his Complaint was filed, as required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides that if a plaintiff fails to timely serve process on the defendant, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, Plaintiff's Complaint against all Defendants, including Terry and Jones, has already been dismissed once, without prejudice, for failure to serve process. (ECF Nos. 3, 5.) Even counting from the day the case was reassigned to the undersigned on February 5, 2019, well over ninety (90) days have passed and Plaintiff has still failed to serve process on Terry and Jones without a showing of good cause. (*See* ECF Nos. 11, 17.) Moreover, Plaintiff does not differentiate the claims made against Defendants Terry and Jones from Defendant Del Toro, whom this Court dismisses with prejudice.

Thus, Defendant Del Toro's Motion to Dismiss Complaint (ECF No. 15) is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE. Consequently, Plaintiff's Motion for Default Judgment (ECF No. 18) is DENIED AS MOOT.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 10th day of February, 2020 that:

1. Defendant Miguel Cervantes Del Toro's Motion to Dismiss Complaint (ECF No. 15) is GRANTED;

2. Plaintiff's Motion for Default Judgment (ECF No. 18) is DENIED AS MOOT;

3. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE;

4. The Clerk of this Court shall CLOSE this case; and

5. The Clerk of this Court shall transmit copies of this Order to the parties.

*/s/ Richard D. Bennett*

Richard D. Bennett
United States District Judge